FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

2010 JAN 13 PM 1:00

JACKSONVILLE, FLORIDA

Rita Nix, )
    Plaintiff, *ProSe'* )
     )
V. ) Case No.: 3:10-cv-34-J-25TEM
Bank of America, )
    Defendant ) TRIAL BY JURY DEMANDED
     )

## PLAINTIFFS' SATEMENT OF CLAIM
## STATEMENT UPON WHICH RELIEF CAN BE GRANTED

COMES NOW the Plaintiff, Rita Nix. The Plaintiff at all times is a resident of the State of

Florida and the County of Duval. As such establishing the jurisdiction of this honorable

Court.

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement Upon Which Relief

Can Be Granted.

  1                                **Statement of Claim**

  2     The Defendant, Bank of America is a Credit Lender located at PO Box 15027, Wilmington, DE

  3     19850, as such is governed under the law by The Fair Credit Reporting Act 15 USC §1681, *et seq.* and

  4     also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian

  5     and Innovis all national credit reporting agencies. The State of Florida abides by and adheres to these

  6     laws. Specifically the Fair Credit Reporting Act 15 USC §1681, *et seq.*

  7     Thus establishing the jurisdiction of this honorable court. Specifically §1681p of the

  8     FCRA. The Defendant is governed under these laws.

  9     The Plaintiff denies ever having any contractual agreement for credit, loans or services

10     relationship with the Defendant.

11  Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the alleged

12  account is not in question here. But the fact as to how it was or was not validated and

13  wrongful actions of the Defendant in the credit reporting of the alleged account, violated

14  the civil rights of the Plaintiff and the law as outlined in the Fair Credit Reporting Act 15

15  USC §1681, *et seq*.

16  On or about August 1st 2009 the Plaintiff requested copies of his credit report from the

17  three national credit reporting agencies Trans Union, Experian and Equifax. Upon

18  review the Plaintiff found that the Defendant was reporting erroneous, inaccurate and

19  derogatory information in his reports.

20  On or about August 14th 2009 the Plaintiff contacted the Defendant by Certified U.S.

21  mail with a letter of dispute indicating to the Defendant that the alleged account was

22  being disputed. No proof of any account has been provided to the Plaintiff as of today's

23  date. The Defendant has updated the account on monthly bases continuing to report the

24  inaccurate, erroneous and derogatory information through today's date.

25  The Plaintiff contacted the Defendant by U.S. Postal Service certified mail return
26
27  receipt with a notice of pending lawsuit in an attempt to settle this situation
28
29  amicably to try and get a response from the Defendant prior to filing this
30
31  complaint. The Defendant received this letter on December 28, 2009 via certified
32
33  mail. The Defendant has never responded to Plaintiff. The Plaintiff has tried
34
35  every way possible to resolve these issues but has never received an answer
36
37  from the creditor forcing the Plaintiff to this court action in order for the court to
38
39  intervene in this matter.
40

41 **Count I**

42 Plaintiff re-alleges the allegations set forth in paragraphs 1 through 40
43
44 hereinabove.
45
46 **Reporting erroneous and inaccurate information.**

47 VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

48 According to the Fair Credit Reporting Act, section **623. Responsibilities of furnishers**

49 **of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:**

50 (a) Duty of furnishers of information to provide accurate information.

51 (1) Prohibition.

52 (A) Reporting information with actual knowledge of errors. A person shall not furnish any information

53 relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids

54 knowing that the information is inaccurate.

55 (B) Reporting information after notice and confirmation of errors. A person shall not furnish information

56 relating to a consumer to any consumer-reporting agency if

57 (i) <u>the person has been notified by the consumer, at the address specified by the person for such</u>

58 <u>notices, that specific information is inaccurate; and</u>

59 (ii) the information is, in fact, inaccurate.

60 (2) Duty to correct and update information. A person who

61 (A) regularly and in the ordinary course of business furnishes information to one or more consumer

62 reporting agencies about the person's transactions or experiences with any consumer; and

63 (B) has furnished to a consumer reporting agency information that the person determines is not complete

64 or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the

65 agency any corrections to that information, or any additional information, that is necessary to make the

66 information provided by the person to the agency complete and accurate, and shall not thereafter furnish

67 to the agency any of the information that remains not complete or accurate.

68  (3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any
69  person to any consumer reporting agency is disputed to such person by a consumer, the person may not
70  furnish the information to any consumer reporting agency without notice that such information is disputed
71  by the consumer.
72  (b) Duties of furnishers of information upon notice of dispute.
73  (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the
74  completeness or accuracy of any information provided by a person to a consumer reporting agency, the
75  person shall
76  (A) conduct an investigation with respect to the disputed information;
77  (B) review all relevant information provided by the consumer reporting agency pursuant to section
78  611(a)(2) [§ 1681i];
79  (C) report the results of the investigation to the consumer reporting agency; and
80  (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all
81  other consumer reporting agencies to which the person furnished the information and that compile and
82  maintain files on consumers on a nationwide basis.
83  (2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph
84  (1) regarding information provided by the person to a consumer reporting agency, before the expiration of
85  the period under section 611(a)(1) [§ 1681i] within which the consumer reporting agency is required to
86  complete actions required by that section regarding that information.
87  Plaintiff demands judgment in the amount of $15,000.00. $1000.00 per violation across
88  three bureaus times each month the Defendant has reported/updated the information in
89  each report in each bureau.
90  **Count II**
91  Plaintiff re-alleges the allegations set forth in paragraphs 42 through 90
92
93  hereinabove.
94

95  **Failure to mark the account in dispute**

96  According to the Fair Credit Reporting Act, section **623. Responsibilities of furnishers**

97  **of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:**

98  (a) Duty of furnishers of information to provide accurate information.

99  (1) Prohibition.

100 (A) Reporting information with actual knowledge of errors. A person shall not furnish any information

101 relating to a consumer to any consumer-reporting agency if the person knows or consciously avoids

102 knowing that the information is inaccurate.

103 (B) Reporting information after notice and confirmation of errors. A person shall not furnish information

104 relating to a consumer to any consumer-reporting agency if

105 (i) <u>the person has been notified by the consumer, at the address specified by the person for such</u>

106 <u>notices, that specific information is inaccurate; and</u>

107 (ii) the information is, in fact, inaccurate.

108 (2) Duty to correct and update information. A person who

109 (A) regularly and in the ordinary course of business furnishes information to one or more consumer

110 reporting agencies about the person's transactions or experiences with any consumer; and

111 (B) has furnished to a consumer reporting agency information that the person determines is not complete

112 or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the

113 agency any corrections to that information, or any additional information, that is necessary to make the

114 information provided by the person to the agency complete and accurate, and shall not thereafter furnish

115 to the agency any of the information that remains not complete or accurate.

116 <u>(3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished</u>

117 <u>by any person to any consumer reporting agency is disputed to such person by a consumer, the</u>

118 <u>person may not furnish the information to any consumer reporting agency without notice that</u>

119 <u>such information is disputed by the consumer.</u>

120. The Defendant on the Experian, Trans Union, and Equifax credit reports of Plaintiff does not reflect that the information is disputed by the consumer even though the Plaintiff has sent a letter of dispute to the Defendant and to date the Defendant has not responded.

123. The Defendant has reported this account to all three national credit reporting agencies since August 2009 and has updated same in all three agencies through today.

125. Plaintiff demands judgment in the amount of $15,000.00. $1000.00 per violation across three bureaus times each month the Defendant has failed to mark the report in dispute in each bureau.

128. **Plaintiff's damages**

129. Plaintiff re-alleges the allegations set forth in paragraphs 91 through 128 hereinabove.

130. The Plaintiff has contacted by certified US Mail all three national credit-reporting agencies in these matters Experian, Equifax and Trans Union with letters of dispute and they have responded that they are reporting this information correctly as provided by Bank of America.

134. The Defendants have damaged the Plaintiffs Credit Report, Credit Score and have committed Defamation of Character *PerSe'* against the Plaintiff. Plaintiffs creditworthiness has been repeatedly compromised by the acts and omissions of the defendant.

138. Plaintiff demands judgment for $20,000.00

139. **WHEREFORE**, the Defendant has violated the Fair Credit Reporting Act, Plaintiff demands judgment in the amount of $30,000.00 plus all costs of this action along with punitive damages in the amount of $20,000.00 or as the court may allow along with

142 Private Attorney General fees of $3000.00 as prescribed by law *Graziano v. Harrison,*
143 *950 F.2d 107, 113 (3d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3),(see Zagorski v. Midwest*
144 *Billing Services, Inc., F.3d— (1997 WL 695401, 7th Cir.) or 128 F. 3d 1164 (7th Cir.,*
145 *1997).*

146 Plaintiff re-alleges the allegations set forth in paragraphs 129 through 146 hereinabove.

147 The Plaintiff has tried every way possible to resolve these issues amicably but has not
148 been replied to or ignored in these matters thus leaving the Plaintiff no alternative but to
149 seek relief through this Honorable Court.

150 **Statement Upon Which Relief Can Be Granted**

151 1. A settlement agreement between the Plaintiff and the Defendant that the Defendant
152    shall remove any derogatory information and inquires from all four major credit-
153    reporting agencies Trans Union, Equifax, Experian and Innovis and any other known
154    credit reporting agencies Bank of America has used now or may use in the future.
155
156 2. Defendant must also provide a letter and or Universal Data Form indicating that they
157    have done this and send same to the Plaintiff.
158
159 3. The Defendant will be barred now or in the future from selling or transferring of the
160    alleged debt to a collection agency or attorney or entity and also barred now and in
161    the future from re-entering this information into the Plaintiffs credit reports.
162
163 4. The Defendant must cease and desist any further collection activities against the
164    Plaintiff and the Defendant may not Sell or Transfer the alleged account to any other
165    Collection Agency or Attorney or entity now or in the future.
166
167 5. Payment of $30,000.00 for their violations

168 6. Private Attorney General fees must be paid to the Plaintiff

169 7. Damages as allowed by the Court.

170 Respectfully submitted this 13th Day of January 2010.

*[signature]*
Rita Nix, Plaintiff ProSe'
8451 W. GATE PKWY
APT. 1140
Jacksonville, FL 32216
jngators@aol.com
904-434-2900

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing Complaint has been served upon the Defendant Bank of America located at PO Box 15027, Wilmington, DE 19850 on or about the 16th day of January 2010

*[signature]*

Rita Nix, Plaintiff ProSe'
8451 W. GATE PKWY
APT. 1140
Jacksonville, FL 32216
jngators@aol.com
904-434-2900