UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| RITA NIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 3:10-CV-34-J-25TEM |
| BANK OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' STATEMENT OF CLAIM**

Defendant Bank of America, which should properly be named FIA Card Services, N.A. ("FIA"),[1] by and through its undersigned counsel, and pursuant to Rule 12(b)(6), Fed. R. Civ. P, hereby moves to dismiss Plaintiff's claims. In support thereof, FIA submits the following Memorandum of Law.

WHEREFORE, FIA requests judgment in its favor, and such other relief as this Court deems just and proper.

---

[1] Plaintiff has improperly identified the Defendant in this action as "Bank of America," which is merely a trade name and not a legal entity in and of itself. The credit card bank popularly known by the trade name "Bank of America" is FIA Card Service, N.A. ("FIA"). Based on the allegations in Plaintiff's Statement of Claim and its service on FIA at its address in Wilmington, DE, it is apparent that the intended party to this action is FIA. Therefore, the undersigned responds with this Motion to Dismiss Plaintiff's Statement of Claim on behalf of FIA.

## MEMORANDUM OF LAW

**I.        Introduction.**

On January 13, 2010, *pro se* Plaintiff, Rita Nix, filed her Statement of Claim ("Statement") against FIA, which appears to allege that FIA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA") by reporting purportedly erroneous and inaccurate credit information to her credit file and allegedly failing to report her dispute of same. Plaintiff's case should be dismissed as a matter of law, because her Statement fails to state a cause of action against FIA, as explained in more detail below.

**II.      Plaintiff Fails to State a Claim Under the FCRA.**

FIA, as a furnisher of information under the FCRA, cannot be held liable in a civil suit merely for reporting erroneous or inaccurate information. This is because there is no private right of action under 15 U.S.C. § 1681s-2(a), which governs the duty of furnishers of information to provide accurate information. Rambarran v. Bank of America Corp., No. 07-21798-CIV-HUCK/SIMONTON, 2007 U.S. Dist. LEXIS 70555, *8 (S.D. Fla. 2007). Only the applicable regulatory agency as provided by the FCRA can enforce § 1681s-2(a). See id.; see also, 15 U.S.C. § 1681s-2(d). There is only a private right of action under section (b) of 15 U.S.C. § 1681s-2, relating to investigation of a dispute. See id. (citing Allen v. AM. Express Co., No. 07-60338-CIV, 2007 U.S. Dist. LEXIS 52949, 2007 WL 2113622, at *2 (S.D. Fla. 2007), and Agostinho v. Capital One Servs., No. 07-20674-CIV, 2007 U.S. Dist. LEXIS 52953, 2007 WL 2113602, at *2 (S.D. Fla. 2007)); see also, Caltabiano v. BSB Bank & Trust Co., 387 F. Supp. 2d 135, 140 (E.D.N.Y. 2005); Yutesler v. Sears Roebuck and Co.,

263 F. Supp. 2d 1209, 1210-11 (D. Mn. 2003); and, Fino v. Key Bank of New York, No. 00-375E, 2001 U.S. Dist. Lexis 24358, *21 (W.D. Pa. 2001).

Accordingly, Plaintiff's claim against FIA for alleged inaccurate reporting to her credit file with the credit bureau agencies should be dismissed with prejudice.

**III.    Plaintiff Fails to State a Claim for Defamation.**

In one sentence, Plaintiff states that FIA has "committed Defamation of Character *Per Sé* (sic) against the Plaintiff." See Compl, pg. 6[2]. It is questionable as to whether or not this statement, presented only as a reference to damages that Plaintiff has allegedly suffered, is sufficient on its own to state a claim for defamation.  Regardless, even if Plaintiff's Statement as a whole is deemed to properly set forth the essential elements to state a claim of defamation, such a claim is barred as a matter of law.

Plaintiff's claim for defamation is based on allegations that FIA was acting as a furnisher of information. See id.  As a furnisher of information, any claim for defamation against FIA is not actionable because it is expressly preempted by the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681t(b)(1)(F) ("FCRA").

The FCRA specifically provides that no state law may impose any requirement or prohibition with respect to the subject matter of Section 1681s-2, relating to the obligations of furnishers of information.[3]   15 U.S.C. § 1681t(b)(1)(F).  Thus, Section

---

[2] Plaintiff fails to number the allegations in her Complaint, thus a citation to a specific allegation is not possible.

[3] Here, as alleged, FIA is a furnisher of information and not a consumer reporting agency ("CRA") under the FCRA.  FIA is alleged to be a financial institution that regularly and in the ordinary course of its business, furnishes information to CRAs.  See 15 U.S.C. §

1681t(b)(1)(F) preempts all state laws regarding furnishers of information who provide information to CRAs.

It therefore follows that FIA, when acting as a furnisher of information, can not be held liable under state statutory or common law for common law claims such as defamation.  See Roybal v. Equifax, 405 F. Supp. 2d 1177, 1181-82 (E.D. Cal. 2005) (holding that the FCRA preempts all state statutory and common law causes of action); Shah v. Collecto, Inc., 2005 WL 2216242, *14 (D. Md. 2005) (holding that the FCRA preempts state tort law claims, **including defamation and negligence**); Riley v. Gen. Motors Acceptance Corp., 226 F. Supp. 2d 1316, 1325 (S.D. Ala. 2002) (holding that the FCRA provides complete preemption, **including for state defamation and negligence claims**); see also Jarrett v. Bank of America, 421 F. Supp. 2d 1350, 1354 (D. Kan. 2006) (holding that the FCRA preempts all claims against furnishers of information); but see Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 787 (W.D. Ky. 2003); Aklagi v. Nationscredit Fin. Servs. Corp., 196 F. Supp. 2d 1186, 1195 (D. Kan. 2002).  Plaintiff's claim against FIA for defamation should therefore be dismissed as a matter of law.

### IV.   Conclusion.

For the foregoing reasons, Plaintiff's Statement fails to state a cause of action a matter of law and, thus, should be dismissed in its entirety.

---

1681s-2. FIA is not alleged to be a CRA as defined by the FCRA: "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties . . . ." 15 U.S.C. § 1681a(f).

Dated:  February 3, 2010                    Respectfully submitted,


/s Christi R. Adams
Christi R. Adams Florida Bar No. 0498351
Samantha R. Powers Florida Bar No. 0017453
Foley & Lardner LLP
111 North Orange Avenue, Suite 1800
Orlando, FL  32801-2386
P. O. Box 2193
Orlando, FL 32802-2193
407.423.7656
407.648.1743

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on February 3, 2010 I, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Rita Nix
8451 W. Gate Pkwy., Apt. 1140
Jacksonville, FL  32216
ingators@aol.com

                /s/ Christi R. Adams
                Attorney