FILED

# U.S. District Court
## Middle District of Florida (Jacksonville)

2010 FEB 16 AM 10: 52

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Rita Nix, ProSe'
Plaintiff

V.

Bank of America
Defendant

3:10-cv-34-J-34TEM

**Trial By Jury Demanded**

## Motion to Quash Motion to Dismiss

1   Comes now the Plaintiff Rita Nix In response to the Defendants Motion to Dismiss,

2   The Defendant Bank of America further known as BoA has sited much case law in their

3   response.

4   The Plaintiff has discovered a Case from the Federal Circuit Court of Rhode Island

5   Medeiros vs. Bank of America AKA FIA Card Services (closed 02/02/2010) 1:09-cv-00107-S-

6   LDA

7   In this case the Defendant Bank of America claimed that FIA card services are a non-entity in

8   the process of the service of the complaint which was served by a professional Process Server, at

9   their Wilmington, DE. address.

10  The Plaintiff finds it very interesting that the Defendant has indicated in this case Nix v. BoA

11  that the Defendant Bank of America is not the Defendant but FIA Card Services is. However in

12  the Medeiros case FIA Card Services is a non-entity and Bank of America is the correct

13  Defendant.

1

14  Exert taken from the response of the Defendant BoA/FIA Card Services in the Medeiros case to

15  the complaint.

16  *"Defendant, FIA Card Services, N.A., a wholly owned subsidiary of Bank of*
17  *America Corporation, (improperly named as "Bank of America AKA FIA Card Services, N.A."*
18  *in Plaintiff's Complaint), hereby responds as follows to Plaintiff, Mark F. Medeiros' (the*
19  *"Plaintiff")"*

20  The Plaintiff will reiterate that the credit report of the Plaintiff indicates in Black and White that the

21  person reporting in the credit report identifies themselves as Bank of America and NOT FIA Card

22  Services.

23  Defendant claims there is no private right of action under 15 U.S.C. § 1681s-2(a), which governs

24  the duty of furnishers. The Plaintiff will clarify the law from the FCRA

25  **§ 602. Congressional findings and statement of purpose** [15 U.S.C. § 1681]
26  (a) *Accuracy and fairness of credit reporting.* The Congress makes the following findings:
27  (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate
28  credit reports directly impair the efficiency of the banking system, and unfair credit
29  reporting methods undermine the public confidence which is essential to the
30  continued functioning of the banking system.
31
32  **§ 603. Definitions; rules of construction** [15 U.S.C. § 1681a]
33  (a) Definitions and rules of construction set forth in this section are applicable for the
34  purposes of this title.
35  (b) <u>The term "person" means any individual, partnership, corporation, trust, estate,</u>
36  <u>cooperative, association, government or governmental subdivision or agency, or other</u>
37  <u>entity.</u>
38  (c) <u>The term "consumer" means an individual.</u>
39
40  **617. Civil liability for negligent noncompliance** [15 U.S.C. § 1681o]
41  (a) *In general.* <u>Any person</u> who is negligent in failing to comply with any requirement
42  imposed under this title with respect to any consumer is liable to that consumer in an
43  amount equal to the sum of
44  (1) any actual damages sustained by the consumer as a result of the failure; and
45  (2) in the case of any successful action to enforce any liability under this section, the
46  costs of the action together with reasonable attorney's fees as determined by the court.
47  (b) *Attorney's fees.* On a finding by the court that an unsuccessful pleading, motion, or other
48  paper filed in connection with an action under this section was filed in bad faith or for
49  purposes of harassment, the court shall award to the prevailing party attorney's fees
50  reasonable in relation to the work expended in responding to the pleading, motion, or
51  other paper.
52

53 **§ 623. Responsibilities of furnishers of information to consumer reporting agencies**
54 **[15 U.S.C. § 1681s-2]**
55 (a) <u>**Duty of Furnishers of Information to Provide Accurate Information**</u>
56 (1) Prohibition
57 (A) *Reporting information with actual knowledge of errors.* A person shall not
58 furnish any information relating to a consumer to any consumer reporting
59 agency if the person knows or has reasonable cause to believe that the
60 information is inaccurate.
61 (B) *Reporting information after notice and confirmation of errors.* A person shall
62 not furnish information relating to a consumer to any consumer reporting
63 agency if
64 (i) the person has been notified by the consumer, at the address specified by
65 the person for such notices, that specific information is inaccurate; and
66 (ii) the information is, in fact, inaccurate.
67 (C) *No address requirement.* A person who clearly and conspicuously specifies to
68 the consumer an address for notices referred to in subparagraph (B) shall not
69 be subject to subparagraph (A); however, nothing in subparagraph (B) shall
70 require a person to specify such an address.
71 (D) *Definition.* For purposes of subparagraph (A), the term "reasonable cause to
72 believe that the information is inaccurate" means having specific knowledge,
73 other than solely allegations by the consumer, that would cause a reasonable
74 person to have substantial doubts about the accuracy of the information.
75 (2) *Duty to correct and update information.* A person who
76 (A) regularly and in the ordinary course of business furnishes information to one
77 or more consumer reporting agencies about the person's transactions or
78 experiences with any consumer; and
79 (B) has furnished to a consumer reporting agency information that the person
80 determines is not complete or accurate, shall promptly notify the consumer
81 reporting agency of that determination and provide to the agency any
82 corrections to that information, or any additional information, that is
83 necessary to make the information provided by the person to the agency
84 complete and accurate, and shall not thereafter furnish to the agency any of
85 the information that remains not complete or accurate.
86 (3) *Duty to provide notice of dispute.* If the completeness or accuracy of any information
87 furnished by any person to any consumer reporting agency is disputed to such person
88 by a consumer, the person may not furnish the information to any consumer reporting
89 agency without notice that such information is disputed by the consumer.
90
91 **Case Law to Support private right of action under 15 U.S.C. § 1681s-2(a),**

92 Dornhecker ro. Ameritech Corp., 99 F. Supp. 2d 918 (N.D. Ill. 2000).

93 A U.S. district court held that the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681 etseq.,
94 permits consumers to bring private causes of action against furnishers of information to credit
95 reporting agencies who fail to properly investigate disputed credit information.

96  Here, a telephone services provider opened phone service accounts on behalf of third persons
97  who fraudulently used the names of other individuals. The provider subsequently enlisted the
98  services of collection agencies to satisfy the debts on the accounts. After being made aware of
99  the debts, the individuals whose names had been used notified the credit reporting agencies of
100 the fraud. After the individuals, collection agencies, and credit reporting agencies notified the
101 provider of the dispute, the provider reportedly failed to investigate. The individuals sued the
102 provider, alleging, among other claims, that defendant violated 1681s-2(b)(1) of the FCRA by
103 failing to properly investigate the disputed credit information. Defendant moved to dismiss,
104 arguing that plaintiffs lacked standing because the FCRA does not create a private right of action
105 for consumers.

106 Denying the motion, **the court agreed with the U.S. Supreme Court's** analysis-set forth in Cort
107 v. Ash, 95 S. Ct. 2080 (1975) for determining whether an implied private right of action exists
108 under a statute. The four factors are: whether (1) the plaintiff is a member of a class for whose
109 benefit the statute was enacted; (2) the legislative history indicates congressional intent, explicit
110 or implicit, either to create or deny such a remedy; (3) implying a private remedy would frustrate
111 the underlying purposes of the legislative scheme; and (4) the cause of action is one traditionally
112 relegated to state law.

113 **May it please the Court:** the Plaintiff Nix has disputed with the Creditor BoA and The Credit

114 Reporting Agencies in the same time period and can produced Certified Mailings of the Disputes

115 as evidence in this case.

116 **FCRA PROVIDES PRIVATE CAUSE OF ACTION AGAINST FURNISHER OF**

117 **INFORMATION**

118 Gordon v. Greenpoint Credit, 266 F.Supp.2d 1007 (S.D.Iowa2003).
119
120 **IN THE UNITED STATES DISTRICT COURT**
121 **FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
122 **RICHARD L. SHEFFER, :**
123 **Plaintiff, : CIVIL ACTION**
124 :
125 v. :
126 :
127 **EXPERIAN INFORMATION :**
128 **SOLUTIONS, INC., et al., : No. 02-7407**
129 **Defendants. :**
130 **MEMORANDUM AND ORDER**
131 **SCHILLER, J. February , 2003**

In its motion, Sears contends that Plaintiff's claim under the FCRA should be dismissed because consumers have no private right of action against a credit furnisher under 15 U.S.C. § 1681s-2(b). In the alternative, Sears argues that Mr. Sheffer's allegations are legally insufficient because Plaintiff has failed to allege that a credit reporting agency has sent a dispute verification form to Sears. Sears also moves for the dismissal of Mr. Sheffer's defamation claim, arguing that the claim is preempted by the FCRA.

With respect to the issue of whether § 1681s-2(b) creates a cause of action for a consumer against a furnisher of credit information, Sears correctly notes that courts have reached different conclusions. 2 However, a clear majority of courts that have addressed this issue has "effectively recognized Congress' obvious intent [to] create a private cause of action through § 1681s-2." *Vazquez-Garcia v. Trans Union De P.R., Inc.*, 222 F. Supp. 2d 150, 155 (D.P.R. 2002); *see also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1058 (9th Cir. 2002) (describing purpose of § 1681s-2(b) as "provid[ing] some private remedy to injured consumers"). The reasoning in support of the majority view has been aptly summarized:

The civil liability sections, 15 U.S.C. § 1681n and 1681o, explicitly provide a private right of action for consumers wishing to enforce any provision of the Fair Credit Reporting Act against "any person" who either "willfully fails to comply" or is "negligent in failing to comply." Absent any explicit limitation, the plain language of 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b) and (c) provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. Furthermore, the negative inference of explicitly precluding a consumer's right of action for violations of §

155   1681s-2(a) is that they are preserved in § 1681s-2(b). Accordingly, the plain

156   language of the Fair Credit Reporting Act compels the conclusion that there is a

157   private right of action for consumers to enforce the investigation and reporting duties

158   imposed on furnishers of information.

159   The Plaintiff Nix will gladly amend the complaint if BoA insists that FIA is the Creditor for this

160   account and will also add to the complaint the Failure of BoA to have systems in place to prevent

161   errors. Based on the fact that BoA is appearing in the Plaintiffs Credit report and NOT FIA Card

162   Services.

163   **Defendant BoA States that the Plaintiff Fails to State a Claim upon which relief can be**

164   **granted:**

165   In considering a motion to dismiss for failure to state a claim upon which relief can be

166   granted, courts must accept as true all of the factual allegations pleaded in the complaint and

167   draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers &*

168   *Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d

169   Cir. 2001).

170   Furthermore, a motion to dismiss will only be granted if it is clear that relief cannot be granted to

171   the plaintiff under any set of facts that could be proven consistent with the complaint's

172   allegations.

173   *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41,

174   45-46 (1957).

175   The Plaintiff moves this honorable court to Quash Motion To Dismiss and set these proceedings

176   to Rule 26f.

177   The plaintiff will prepare Parties Planning Meeting and submit to the Court within 45 days upon

178   order to 26f.

Respectfully submitted this 16th Day of February 2010.

_____
Rita Nix, ProSe'
Apt. 1140
8451 W. Gate Pkwy
Jacksonville, FL 32216
jngators@aim.com
904-434-2900

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Quash Motion to Dismiss was filed with the Clerk of the United States District Court for Jacksonville Florida this 16 day of February 2010 and was mailed USPS certified mail to the following:

Christi R. Adams Florida Bar No. 0498351 Samantha R. Powers Florida Bar No. 0017453
Foley & Lardner LLP
111 North Orange Avenue, Suite 1800
Orlando, FL 32801-2386
P. O. Box 2193 Orlando, FL 32802-2193
407.423.7656
407.648.1743

_____
Rita Nix, ProSe'
Apt. 1140
8451 W. Gate Pkwy
Jacksonville, FL 32216
jngators@aim.com
904-434-2900