UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| RITA NIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 3:10-CV-34-J-25TEM |
| BANK OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO QUASH MOTION TO DISMISS**

Defendant hereby responds in opposition to Plaintiff's Motion to Quash Motion to Dismiss, stating as follows:

**I.   Introduction.**

Defendant's Motion to Dismiss is properly plead and demonstrates that Plaintiff's Complaint, on its face, fails to state a claim upon which relief can be granted as a matter of law.  For the reasons set forth in the Motion to Dismiss and below, Plaintiff's Motion to Quash should be denied and Defendant's Motion to Dismiss should be granted with prejudice.

**II.   The *Only* Proper Party, If Any, To Plaintiff's Claims Is FIA Card Services, N.A.**

Plaintiff challenges Defendant's assertion that FIA Card Services, N.A. ("FIA"), and not Bank of America, is the proper party to her action.  However, it is evident that Plaintiff misread the explanation provided by FIA in the Motion to Dismiss as to why

Bank of America is not the proper defendant. Plaintiff misunderstood that Defendant claims that FIA is a non-entity. To reiterate, it is "Bank of America" that is not a legal entity. FIA Card Services, N.A., however, is very much so a legal entity. As explained in Defendant's Motion to Dismiss, FIA is the credit card bank that is popularly known by the trade name "Bank of America." See Motion to Dismiss at fn 1. Because Plaintiff's claims pertain to the reporting of credit history on a Bank of America credit card account, FIA is the proper defendant in this action.

The excerpt that Plaintiff provides from what is purported to be a response to the complaint in a case before the District of Rhode Island does not contradict Defendant's assertion in the instant matter. The undersigned was unable to locate the pleadings from which Plaintiff cites, and the only published opinion in the case does not speak to the issues Plaintiff raises. See generally Medeiros v. Bank of America Corp., et al., C.A. No. 09-107 S, 2009 U.S. Dist. LEXIS 59952 (D. R.I. 2009). Regardless, the excerpt Plaintiff shows that the proper entity name for the defendant in that case was FIA Card Services, N.A. as well.

**III.   The Cases Plaintiff Cites In Her Motion To Quash Confirm Defendant's Contention That There Is No Private Right Of Action Under 15 U.S.C. § 1681s-2(a).**

FIA argues it its Motion to Dismiss that, as a furnisher of information under the FCRA, it cannot be held liable in a civil suit merely for reporting erroneous or inaccurate information. See Motion to Dismiss, Section II. Plaintiff references case law from the federal courts of Iowa and Illinois in her Motion to Quash, representing that they support her contention that there is a private right of action under 15 U.S.C. § 1681s-2(a). However, a thorough read of the cases shows that they actually support FIA's position.

What these cases actually stand for is that there is a private right of action for enforcement of Section (b) of 15 U.S.C. § 1681s-2, not Section (a).  See <u>Dornhecker v. Ameritech Corporation</u>, 99 F. Supp. 2d 918, 925-26 (N.D. Ill. 2000); <u>Gordon v. Greenpoint Credit</u>, 266 F. Supp. 2d 1007, 1010 (S.D. IA 2003).  Accordingly, Plaintiff's claim against FIA for alleged inaccurate reporting to her credit file with the credit bureau agencies – which is proscribed by Section (a) of 15 U.S.C. § 1681s-2—should be dismissed with prejudice.

**IV.    <u>Conclusion.</u>**

For the foregoing reasons, Plaintiff's Motion to Quash is without merit and Court should enter an order denying Plaintiff's Motion to Quash and granting Defendant's Motion to Dismiss with prejudice.

Dated:  March 5, 2010                                         Respectfully submitted,

 _s/ Samantha R. Powers_____
Christi R. Adams Fla. Bar No. 0498351
Samantha R. Powers Fla. Bar No. 0017453
Foley & Lardner LLP
111 North Orange Avenue, Suite 1800
Orlando, FL  32801-2386
P. O. Box 2193
Orlando, FL 32802-2193
407.423.7656
407.648.1743

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that on March 5, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Rita Nix
8451 W. Gate Pkwy., Apt. 1140
Jacksonville, FL  32216
ingators@aol.com

                                              _s/ Samantha R. Powers_____
                                              Attorney