**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RITA NIX,

        Plaintiff,

vs.                                       Case No. 3:10-CV-34-J-32TEM

BANK OF AMERICA,

        Defendant.

## **ORDER**

Plaintiff Rita Nix alleges that Bank of America (FIA)[1] violated the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681s-2; and that FIA's actions resulted in defamation of her character. Nix's Complaint is not sufficiently pled to survive FIA's Motion to Dismiss, despite the lenient standard accorded to pro se plaintiffs' complaints.

This case is before the Court on pro se plaintiff Nix's "Satement [sic] of Claim Statement Upon Which Relief Can be Granted" (Complaint) (Doc. 1), Defendant FIA's Motion to Dismiss Plaintiffs' [sic] Statement of Claim (Motion to Dismiss) (Doc. 3), plaintiff's Motion to Quash Motion to Dismiss (Doc. 7) which the Court construed as a response to the defendant's Motion to Dismiss, and Defendant's Amended Response in Opposition to Plaintiff's Motion to Quash Motion to Dismiss (Doc. 13).

---

[1] While Bank of America is the named defendant in the Complaint, the Motion to Dismiss was filed by FIA Card Service, N.A. because "Bank of America" is the trade name for the legal entity, FIA Card Services, N.A. (Doc. 13 p. 1-2.). Furthermore, plaintiff's Complaint was served on FIA Card Services, N.A.'s Wilmington, DE address. The Defendant accepts that FIA Card Services, N.A., is the proper defendant in this case and is not attempting to avoid liability by responding for Bank of America. (Id.) Thus, the Complaint is understood as being directed at FIA Card Services, N.A. (Id.)

**I. Legal Standard**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citation and quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citation and quotation omitted). Additionally, because the plaintiff is proceeding pro se, her pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

**II. Facts**

The facts set out in Nix's complaint are few. Nix alleges she did not have any contractual agreement for credit, loans, or services with FIA. (Doc. 1 at 1.) At some time on or near August 1, 2009 Nix requested and received copies of her credit reports from Consumer Reporting Agencies (CRAs) (referred to in the Complaint as Credit Reporting Agencies) Trans Union, Experian, and Equifax. (Id. at 2.) Nix alleges these contained "erroneous, inaccurate, and derogatory information" that was reported by FIA; though Nix does not indicate how this information is erroneous, inaccurate, and derogatory and the

2

reports themselves are not attached to her Complaint. (Id.) Subsequently, Nix contacted FIA by mail with a letter of dispute indicating she was disputing the information being reported to the CRAs. (Id.) However, on subsequent reports from the CRAs there was no indication the account was being disputed. (Id. at 6.)

### III. Discussion

**A.) Nix has failed to state a FCRA claim upon which relief may be granted.**

Nix alleges FIA violated the FCRA; specifically, Count I alleges a violation of 15 U.S.C. § 1681s-2 subsections (a) and (b), and Count II alleges an additional violation of subsection (a) only. Subsection (a) generally requires a furnisher of information to provide accurate information to CRAs. Subsection (b) generally requires that if a furnisher is given notice of a dispute over consumer information it provides to CRAs, then the furnisher must investigate the accuracy of that information and report the result of the investigation to the CRAs within a given time frame. 15 U.S.C. § 1681s-2(b)(1)(A), (C) (that time frame usually being thirty days (15 U.S.C. § 1681i(a)(1))). Both of the parties agree FIA is a furnisher in this case. (Doc. 1 at 2; Doc. 3 at 2.)

Count II and the part of Count I, arguing under subsection (a), fail because there is no private right of action under subsection (a). Rambarran v. Bank of Am., N.A., 2007 WL 2774256, at *3 (S.D. Fla.) (noting the distinction between subsection (a) and (b) with regards to private rights of action in a factually similar case). While subsection (b) does include a private right of action, Nix's Count I allegation of a subsection (b) violation does not make any specific allegations of FIA's failure to investigate. (Doc. 1 at 4.) In Count II Nix alleges the CRAs' reports do not indicate the account is in dispute; however, she at no point specifically alleges that FIA has failed to engage in an investigation of the disputed

3

information or report the result to the CRAs as is required under subsection (b). Furthermore, based on the dates Nix indicates in the Complaint, FIA was still within its statutory time limit of thirty days to complete an investigation and report the result to the CRAs. (Doc. 1 at 2, 6) (indicating that FIA received the letter of dispute on December 28, 2009, and that the CRAs' reports did not show the information was in dispute at the filing of the Complaint on January 13, 2010).

**B.) The FCRA preempts Nix's defamation claim.**

In a section of Nix's complaint titled "Plaintiff's damages," Nix alleges FIA has committed "Defamation of Character *Per Se'* [sic]." (Doc. 1 at 6.) State law claims against furnishers of information are preempted by the FCRA. 15 U.S.C. § 1681t(b)(1)(F) (which provides that no additional requirements may be imposed on persons who furnish information, such as FIA, by any State). However, there is a limited ability to bring common law claims under certain circumstances, one of these being defamation claims when defamatory information is provided to the CRAs in a manner that rises to malice or willful intent to injure the consumer. 15 U.S.C. § 1681h(e); Johnson v. Citimortgage, Inc., 351 F. Supp. 2d 1368, 1372-76 (N.D. Ga. 2004). Nix has made no such allegation here.

Because Nix is proceeding pro se, the Court will give her the opportunity to amend her complaint to attempt to state a claim upon which relief can be granted. Nix is free to replead her claim under subsection (b) provided there is an allegation of FIA's failure under that provision and factual allegations to support that claim. Nix is also free to replead her claim under common law defamation provided there is an allegation of malice or willful intent to injure her and factual allegations to support that claim.

The amended complaint must include all of Nix's claims in this action; it should not

4

refer back to the original filings. Nix is reminded that federal courts are courts of limited jurisdiction and her amended complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1). Nix must properly and completely identify the defendant; which, in this case, is FIA Card Services, N.A. Nix must also set forth with specificity the nature of her causes of action and how the defendant is involved in the alleged wrongdoing. Plaintiff is further advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 10(b) states that "all averments of claim or defense shall be made in <u>numbered paragraphs</u> [as opposed to numbered lines], the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances. . . " Fed. R. Civ. P. 10(b) (emphasis added). Finally, Federal Rule of Civil Procedure 6(a)(3) requires a complaint include "a demand for judgment for the relief the pleader seeks."

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 3) is **GRANTED**. However, plaintiff shall have leave to file and serve an amended complaint no later than **July 9, 2010**.

2. Because of this ruling, the pending motions regarding case management (Docs. 15, 17) are moot.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of June, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

j.u.
Copies:

counsel of record
pro se plaintiff